IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | No. 41044-7-III |
| | ) | |
| ROBERT ROGERS, | ) | |
| | ) | |
| Petitioner. | ) | UNPUBLISHED OPINION |

HILL, J.—Robert Rogers is incarcerated under the supervision of the Washington Department of Corrections (DOC).  In September 2024, Rogers was found with a piece of folded paper containing a powdered substance, which tested positive for methylenedioxymethamphetamine (MDMA).  The DOC accused him of possessing an unauthorized substance in violation of policy.  At his initial hearing, Rogers pleaded not guilty, argued he did not know the paper contained drugs, and requested the substance be tested again at a lab.  The lab results confirmed the positive test for MDMA.  Rogers was not in attendance at the subsequent disciplinary hearing, where the hearing officer found him guilty of possessing an unauthorized substance and imposed sanctions.

After the DOC denied Rogers's appeal, he filed this personal restraint petition (PRP) alleging the DOC violated his due process rights in multiple stages of the disciplinary process.  While many of Rogers's assertions are meritless, the record is

insufficient to show Rogers waived his right to be present for his disciplinary hearing. We grant in part the PRP and remand the matter for a new hearing.

BACKGROUND

On September 1, 2024, a DOC booth officer witnessed someone hand Rogers an object. The booth officer informed a correctional officer of what he witnessed. The correctional officer placed Rogers in a holding cell and conducted a strip search, where he discovered a small piece of folded paper under Rogers's foot. The folded paper contained a powdered white substance. The substance tested positive for MDMA/Ecstasy.

On September 6, the DOC notified Rogers of his disciplinary hearing for possessing an unauthorized drug in violation of former WAC 137-25-030(603) (2023) Rogers waived his right to receive 24-hours' notice, and he authorized the Disciplinary Hearing Officer to make a decision regarding his infraction. However, on the Disciplinary Hearing Notice/Appearance Waiver Form, Rogers did not check the box waiving his right to appear at the hearing.

The hearing began on September 23, 2024. Rogers pleaded not guilty and made a statement. He told the hearing officer that, while he did receive the folded paper from another individual, he was unaware that it contained drugs. He told the hearing officer that he wanted the substance retested at a lab. The hearing officer granted Rogers's request and continued the hearing until the lab results returned.

The lab completed testing on October 29, and the substance tested positive for

MDMA.  The continued hearing was scheduled for November 21 at 8:00 a.m.  According to Rogers, at 8:20 a.m. on November 21 he was informed that his hearing was running behind, but he would receive a call when it was his turn.  Rogers alleges he returned to his single man cell and waited to be called.  Just after 11:00 a.m., Rogers asked one of the correction officers about his hearing and was told it had already occurred.  The DOC does not contradict Roger's statement.

The hearing officer relied on a brief notation from a Sergeant Hernandez stating the officer called for Rogers in the unit yard on two separate occasions at approximately 10:00 a.m. when it was time for Roger's hearing, and Rogers failed to report.  The hearing officer relied on this statement without further inquiry to determine if Rogers waived his presence for the hearing.

Relying on written staff testimony, Rogers's statement, and other evidence, the hearing officer concluded Rogers was guilty of former WAC 137-25-030(603) by possessing a controlled substance.  The hearing officer imposed multiple sanctions, including loss of good conduct time.  Rogers appealed the hearing officer's decision, and the DOC Superintendent upheld the serious infraction.  Rogers then filed this PRP.

ANALYSIS

A petitioner may seek relief if they are under unlawful restraint.  RAP 16.4(a).  A petitioner who is confined is under restraint.  RAP 16.4(b).  Restraint may be unlawful for several reasons, including if the conditions or manner of restraint are unconstitutional or if other grounds exist to challenge the legality of the restraint.  RAP 16.4(c)(6)-(7).

3

This can include a loss of good time credits, which are a liberty interest protected by the due process clause, if the prisoner does not receive minimal due process. *See In re Pers. Restraint of Anderson*, 112 Wn.2d 546, 548, 772 P.2d 510 (1989).

We will not reverse a prison discipline decision unless the petitioner demonstrates that the decision was arbitrary and capricious to the extent that it denies the petitioner a fundamentally fair proceeding to the offender's prejudice.[1] *In re Pers. Restraint of Grantham*, 168 Wn.2d 204, 215, 227 P.3d 285(2010). While prisoners subject to serious infraction hearings are not entitled to all the same constitutional protections afforded defendants facing criminal charges, they are entitled to minimum due process protections, which include notice, an opportunity to call witnesses and present evidence, and to receive a written statement explaining the reasons for the discipline and the evidence relied upon. *Id.* at 214-16. The ability to call witnesses and present evidence necessitates a right to be present at the hearing or to waive that right. *See, generally, In re Pers. Restraint of Gronquist*, 138 Wn.2d 388, 396-97, 978 P.2d 1083 (1999); WAC 137-28-285(1)(c); WAC 137-28-300(2).

Rogers contends the DOC violated his due process rights when it failed to afford him an opportunity to attend his hearing. In addition to ordinary due process rights, Rogers claims the DOC violated WAC 137-28-285(1)(c), which provides that

---

[1] Petitioners challenging a prison disciplinary decision where prior judicial review was not available need not make a showing of actual and substantial prejudice for constitutional errors. *In re Pers. Restraint of Grantham*, 168 Wn.2d 204, 214, 227 P.3d 285 (2010).

incarcerated individuals charged with violating DOC policy have the right to be present or waive their presence at the hearing. The State argues that Sergeant Hernandez's notation that he called out to Rogers two times while he was in the unit yard to attend the hearing without response justified its conclusion that Rogers waived his right to be present for the hearing.

On the record before us, we cannot conclude Rogers waived his right to be present for the hearing. WAC 137-28-305 requires the hearing officer to "ensure that the incarcerated individual's rights are protected throughout the hearing process." WAC 137-28-300(1). This includes the right to be present at the hearing. WAC 137-28-300(2). Before the first disciplinary hearing, Rogers did not check the box waiving his right to attend his hearing or indicate he would waive his presence at the continued hearing. On the date of the second hearing, the DOC does not dispute Rogers contacted the booth officer before the hearing and was told his hearing was running behind. The DOC also does not dispute that the officer advised Rogers that he would be informed when his hearing was ready to begin. The DOC further does not dispute that Rogers checked in again sometime shortly after 11:00 a.m., asking when his hearing would begin, and was told it was conducted without him. Instead, the DOC relies entirely on the short entry on a waiver form indicating Sergeant Hernandez called Rogers from the unit yard twice at approximately 10:00 a.m. and Rogers failed to report. In light of the uncontradicted record, we grant in part the PRP and remand for Rogers to receive a new disciplinary hearing.

5

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Hill, J

WE CONCUR:

Lawrence-Berrey, J.

Murphy, J.